Yalcin v. Sessions

BIA
A074 856 144

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of February, two thousand eighteen.

PRESENT:
         GUIDO CALABRESI,
         ROBERT D. SACK,
         DEBRA ANN LIVINGSTON,
              *Circuit Judges.*
_____

ALI YALCIN,
         *Petitioner,*

         v.                                        16-925
                                                   NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
         *Respondent.*
_____

FOR PETITIONER:          Elyssa N. Williams, Formica
                         Williams, P.C., New Haven, CT.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General;
                         Jennifer P. Levings, Senior
                         Litigation Counsel; Monica Antoun,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ali Yalcin, a native and citizen of Turkey, seeks review of a February 29, 2015, decision of the BIA denying his motion to reopen. *In re Ali Yalcin,* No. A074 856 144 (B.I.A. Feb. 29, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When an alien, such as Yalcin, petitions for review of the denial of a motion to reopen, we review only the denial of the motion, not the agency's underlying decisions. *Paul v. Gonzales*, 444 F.3d 148, 153 (2d Cir. 2006). The BIA "may deny a motion to reopen based upon the failure to establish a prima facie case for the relief sought." *Matter of Coelho*, 20 I. & N. Dec. 464, 472 (BIA 1992) (citations omitted); *see also INS v. Abudu*, 485 U.S. 94, 104 (1988). We review the BIA's denial of a motion to reopen for "abuse of discretion, mindful that motions to reopen 'are disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational

2

explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary and capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir. 2005) (citation omitted).

The BIA was within its discretion to find that Yalcin failed to establish his prima facie eligibility for asylum. The IJ's adverse credibility determination was based on several inconsistencies between Yalcin's asylum application, supporting statement, and testimony regarding his affiliation with--or opposition to--a Kurdish political faction and his run-ins with Turkish law enforcement. That finding was dispositive of Yalcin's claims for asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006) (explaining that if the same factual assertions supported all claims for relief, an adverse credibility determination necessarily foreclosed relief on all claims). The BIA reasonably concluded that evidence of heightened tensions between the Kurdish faction, the Turkish government, and ISIS "was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of [Yalcin's] underlying asylum application." *Kaur*, 413 F.3d

3

at 234 (citation omitted).

Yalcin argues that the BIA could not rely on an adverse credibility determination that it has never reviewed. The law does not support this argument. *See id.* (noting that review was limited to the denial of reopening because Kaur failed to timely petition for review of the BIA's decision affirming an IJ's adverse credibility determination).

Yalcin also submits that the BIA failed to acknowledge the statutory exception to the 90-day time limitation for motions to reopen based on changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Not so: although the BIA referenced that exception in its decision, the BIA ultimately relied on Yalcin's failure to show prima facie eligibility for asylum as the basis for its decision to deny Yalcin's motion to reopen. The BIA was entitled to do so. *Abudu*, 485 U.S. at 104.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

4

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk